NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD L. BRYAN, JR., | |
| Plaintiff, | Civ. No. 19-16287 |
| v. | OPINION |
| OCEAN COUNTY *et al.*, | |
| Defendants. | |

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court on the Motion for Summary Judgment (ECF No. 5) filed by Defendants Ocean County and Sandra Mueller ("Defendants"). Plaintiff Richard Bryan, Jr. ("Plaintiff") opposes. (ECF No. 8.) The Court has decided this matter based upon the written submissions and without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, the Motion for Summary Judgment is granted in part and denied in part.

## BACKGROUND

On December 9, 2017, Plaintiff was arrested and charged with aggravated assault against Cornelius Bernabella, who allegedly had ties with the "Bloods" gang. (Compl. ¶¶ 16–17, ECF No. 1.) Plaintiff was detained pretrial at the Ocean County Jail. (*Id.* ¶ 18.)[1] On March 3, 2018, Bernabella was arrested for another matter and also detained at the Ocean County Jail. (*Id.* ¶ 20.) Plaintiff alleges that although the corrections officers knew that Plaintiff and Bernabella had an adverse history, they allowed Bernabella to have access to Plaintiff. (*Id.* ¶ 21.) On March 7,

---

[1] Although Plaintiff refers to the facility as the "Ocean County Correctional Facility" (Compl. ¶ 10), the Court will refer to it as the Ocean County Jail throughout this Opinion.

1

2018, Plaintiff claims that Bernabella attacked him, causing extensive physical injuries (*id.* ¶¶ 22–23), which were exacerbated by Plaintiff's preexisting medical conditions (*id.* ¶¶ 19, 25). Plaintiff alleges that, after the attack, corrections officers warned him that if he told anyone about the attack, he would be placed in an area of the prison where members of the "Bloods" gang would have access to him. (*Id.* ¶ 24.) Defendants contest the incident in question and provide the Disciplinary Reports from the Ocean County Department of Corrections, which state that Plaintiff was the initial aggressor in the March 7, 2018 incident. (Defs.' Ex. D, ECF No. 5-3.) Defendants also claim that the corrections officers did not know about the animosity between Plaintiff and Bernabella because, upon entering the prison, both prisoners were asked whether they had any "enemies in this facility that may harm [them]" and both responded that they did not. (Defs.' Exs. B, C, ECF No. 5-3.)

      Plaintiff filed the Complaint on August 2, 2019 against Ocean County, Ocean County Department of Corrections, Ocean County Jail, Warden Sandra J. Mueller, and John and Jane Does 1–20 representing past and present employees of the Ocean County Department of Corrections. (Compl. ¶¶ 8–12.) Plaintiff seeks damages pursuant to 42 U.S.C. § 1983 for violations of his rights under the Eighth and Fourteenth Amendments of the United States Constitution. (*Id.* ¶¶ 33–40.) Specifically, Plaintiff claims that Defendants exhibited reckless or deliberate indifference by failing to (a) adequately control inmates in dangerous situations; (b) train, supervise, and instruct custodians of inmates to monitor, deter, and respond to inmate altercations; (c) establish policies and procedures that identify and separate dangerous inmates from others; (d) train, supervise, and instruct custodians of inmates to properly respond to threats of violence; (e) maintain video surveillance of inmate areas to ensure safety; (f) establish policies and procedures that require immediate response to inmate threats; and (g) properly protect

Plaintiff from Bernabella by allowing them to be unattended for an unreasonable length of time. (*Id.* ¶ 27.) Plaintiff also claims that John and Jane Does 1–20 failed to adequately patrol the facility and failed to timely intervene and stop Bernabella's attack on Plaintiff. (*Id.* ¶¶ 28–29.) Additionally, Plaintiff asserts the following state law violations: negligence; gross negligence; negligent hiring, training, and supervision; violations of the New Jersey Civil Rights Act; and intentional infliction of emotional distress. (*Id.* ¶ 40.)

On September 17, 2019, Defendants Sandra Mueller and Ocean County filed the present Motion for Summary Judgment in lieu of an answer to the Complaint, and prior to any discovery. (ECF No. 5.) On October 25, 2019, Plaintiff filed an Opposition (ECF No. 8), but did not include a responsive statement of material facts. Defendants filed a Reply on November 8, 2019. (ECF No. 9.) Defendants' Motion for Summary Judgment is now before the Court.

## **LEGAL STANDARD**

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute is "genuine" if it could lead a "reasonable jury [to] return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it will "affect the outcome of the suit under the governing law." *Id.* When deciding the existence of a genuine dispute of material fact, a court's role is not to weigh the evidence; all reasonable "inferences, doubts, and issues of credibility should be resolved against the moving party." *Meyer v. Riegel Prods. Corp.*, 720 F.2d 303, 307 n.2 (3d Cir. 1983). Consequently, "[s]ummary judgment is precluded if a disputed fact exists which might affect the outcome of the suit under the controlling substantive law." *Josey v.*

*John R. Hollingsworth Corp.*, 996 F.2d 632, 637 (3d Cir. 1993) (citing *Anderson*, 477 U.S. at 248).

In resolving a motion for summary judgment, a district court considers the facts drawn from "the pleadings, the discovery and disclosure materials, and any affidavits." *Curley v. Klem*, 298 F.3d 271, 276–77 (3d Cir. 2002) (internal quotations omitted). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52. The Court must grant summary judgment against any party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

## DISCUSSION

### I. Defendants' Statement of Material Facts

Plaintiff has failed to respond to Defendants' Statement of Uncontested Facts (ECF No. 5-2), as required under Local Civil Rule 56.1(a). "[A]ny material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion." Local Civ. R. 56.1(a). Accordingly, the Court will accept the facts stated in Defendants' Statement of Uncontested Facts as true. These facts include the dates on which Plaintiff and Bernabella were admitted to Ocean County Jail (Statement of Facts ¶¶ 2, 4, ECF No. 5-2); that both Plaintiff and Bernabella stated that they had no enemies in the jail (*id.* ¶¶ 2, 5); and that Plaintiff and Bernabella "had a physical encounter" on March 7, 2018, "which resulted in physical injuries to Plaintiff" (*id.* ¶ 6).

### II. Exhaustion of Administrative Remedies

Defendants first assert that Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). (Mot. at 2–5,

ECF No. 5.) The exhaustion requirement of the PLRA only applies to prisoners who are in custody at the time of filing the complaint. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 314 (3d Cir. 2001). Although not stated in the Complaint, Plaintiff claims in his Opposition that he was released from jail prior to filing this suit. (Opp'n at 4, ECF No. 8; Tarver Affirm ¶ 5, ECF No. 8-1 (stating that Plaintiff was released from Ocean County Jail on October 9, 2018).) Defendants concede that, if in fact Plaintiff was not incarcerated at the time of filing the Complaint, then the PLRA exhaustion requirement does not apply. (Reply at 2, ECF No. 9.) Because there is a factual dispute as to whether Plaintiff was incarcerated at the time of filing the Complaint, the Court will deny summary judgment with respect to Defendant's claim that Plaintiff did not exhaust administrative remedies under the PLRA.

### III.     42 U.S.C. § 1983 Claims

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Generally, a public employee acts under color of state law "while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Id.* at 50 (citations omitted). Additionally, the Supreme Court has held that municipalities and other local government units can be sued under § 1983 in certain circumstances. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 (1978). Plaintiff seeks damages pursuant to 42 U.S.C. § 1983 for violations of the Eighth and Fourteenth Amendments against Defendant Mueller, a public employee, and Defendant Ocean County, a municipality. (Compl. ¶¶ 32–37.) The Court will consider each of Plaintiff's allegations in turn.

      A.    *Excessive Force*

Plaintiff does not clearly articulate an excessive force claim in his Complaint. However, in Plaintiff's Opposition to the Motion for Summary Judgment, Plaintiff seems to raise excessive force claims against Defendants. (*See* Opp'n at 6, 14 (citing the legal standard for an excessive force claim by a pretrial detainee).) However, as noted above, a § 1983 claim requires that the violation was committed by a person acting under color of state law. The incident in question involved an alleged attack by Bernabella, an inmate, on Plaintiff, another inmate. Plaintiff has not alleged that Bernabella acted on behalf of Defendants Mueller or Ocean County, or that any other state actor was involved in the alleged attack itself. Therefore, Plaintiff has not adequately pleaded an excessive force claim, and instead Plaintiff's allegations are best construed as failure-to-protect claims.

      B.    *Failure to Protect*

Plaintiff alleges that Defendants failed to protect him by (i) failing to properly train and supervise the corrections officials; (ii) failing to implement necessary policies and procedures; and (iii) allowing Bernabella to have unsupervised access to Plaintiff. (Compl. ¶ 27.) The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners against the "unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (internal citations omitted). "This constitutional limitation on punishment has been interpreted to impose a duty upon prison officials to take reasonable measures 'to protect prisoners from violence at the hands of other prisoners.'" *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). Although the Eighth Amendment's Cruel and Unusual Punishment Clause only applies to an inmate who has been both convicted and sentenced for his crimes, *see Graham v. Connor*, 490 U.S. 386, 392 n.6 (1989), the Third

Circuit has held that a pretrial detainee may bring a "due process-grounded failure-to-protect claim of the sort that a sentenced inmate can bring under the Eighth Amendment," *Bistrain v. Levi*, 696 F.3d 352, 367–68 (3d Cir. 2012). Such a claim is grounded in either the Fifth Amendment's or Fourteenth Amendment's Due Process Clause. *Id.* Because Plaintiff was a pretrial detainee when the alleged violations took place, the Court will construe his claims as due process violations rather than violations of the Eighth Amendment.

To state a claim for damages against a prison official for failure to protect from inmate violence, "an inmate must plead facts that show (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm." *Id.* at 367 (citing *Farmer,* 511 U.S. at 834; *Hamilton*, 117 F.3d at 746). "Deliberate indifference" in this context is a subjective standard: "the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001). However, "a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Id.* Still, Prison officials may escape liability if they "believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent," or "if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844. The Court will consider the adequacy of Plaintiff's failure-to-protect claims against each Defendant.

    1.    <u>Supervisory Liability of Defendant Mueller</u>

A plaintiff cannot hold a supervisor liable for the actions of her employees solely on a *respondeat superior* theory under § 1983. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). However, supervisors can be held liable if (1) "they established and maintained a policy, practice or custom

7

which directly caused the constitutional harm" or (2) "they participated in violating plaintiff's rights, directed others to violate them, or, as the persons in charge, had knowledge of and acquiesced in their subordinates' violations." *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 n.5 (3d Cir. 2010) (citing *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004)) (internal quotation marks omitted). Plaintiff does not allege that Defendant Mueller directly participated in violating Plaintiff's rights, and instead focuses on Defendant Mueller's role as a policymaker for Ocean County Jail. Plaintiff alleges that Defendant Mueller's "patrol, supervision and monitoring policies, customs, practices and/or procedures were so deficient, inadequate and/or unreasonable" that they "constitute deliberate indifference" to Plaintiff's due process rights. (Compl. ¶ 31.) Plaintiff also alleges that all Defendants were deliberately indifferent by failing to establish polices that "enable identification and separation of dangerous or violent inmates from other inmates" or provide for "immediate response to inmate threats of violence." (Compl. ¶ 27(c), (f).)

Defendants argue that the Complaint "fails to identify any specific policy or practice that created an unreasonable risk of injury" and does not "set forth facts that show that Warden Mueller was aware that an unreasonable risk had been created or that she was indifferent to any risk." (Mot. at 20.) The Court agrees that Plaintiff has not fully articulated how the policies in place were deficient, or what policies Defendant Mueller should have adopted to achieve the goals of separating dangerous inmates or responding to inmate threats. However, without more information as to these policies, or any evidence as to Defendant Mueller's knowledge or lack of knowledge of the alleged risks created by these policies, the Court cannot find that Defendant Mueller is entitled to judgment as a matter of law. Plaintiff has provided sufficient information to support a deliberate indifference claim against Defendant Mueller at the pleading stage, and

8

discovery is warranted to further develop these claims.² *See Indian Harbor Ins. Co. v. NL Envtl. Mgmt. Servs., Inc.*, 2014 WL 791821, at *5 (D.N.J. Feb. 25, 2014) (citing *Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000) ("Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery.")).

Several disputes of material facts also warrant a denial of summary judgment. First, Defendants provide Disciplinary Reports that state that Plaintiff initiated the fight against Bernabella (Defs.' Ex. D), whereas Plaintiff alleges that Bernabella attacked him (Compl. ¶ 22). This fact is material because it relates to the central incident at issue and may undermine Plaintiff's claim that the Defendants' policies were the cause of his harm. Second, a dispute exists as to whether Defendant Mueller actually knew of the alleged risks caused by the deficient policies in place. As for the specific risk to Plaintiff, Defendant Mueller asserts that she was unaware of the animosity between Bernabella and Plaintiff because both had indicated, upon entering the prison, that they did not have any enemies in the facility. (Mot. at 9; Defs.' Exs. B, C.) Plaintiff counters that "[t]he risk of placing both the Plaintiff and Defendant in an area where they had access to each other [wa]s certainly obvious," such that Defendant's knowledge could be inferred. (Opp'n at 7.) Because there are material facts in the dispute, and because the parties have not been afforded the opportunity to develop their claims through discovery, the Court finds that summary judgment is premature. Accordingly, summary judgment is denied as to the failure-to-protect claim against Defendant Mueller.

---

² Discovery is particularly warranted in this case because evidence as to Ocean County Jail's internal policies and practices are likely in the hands of Defendants, and because proof of Defendant Mueller's knowledge or lack of knowledge of the alleged risk is best determined through depositions or sworn statements.

2.      Municipal Liability of Defendant Ocean County

Plaintiff also asserts claims against Defendant Ocean County for deficient policies and procedures and failure to train, supervise, and control custodians of inmates. (Compl. ¶ 27, 36.) In *Monell*, the Supreme Court held that a municipality can only be held liable under § 1983 where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." 436 U.S. at 690. Liability is imposed "when the policy or custom itself violates the Constitution or when the policy or custom, while not unconstitutional itself, is the moving force behind the constitutional tort of one of its employees." *Thomas v. Cumberland Cty.*, 749 F.3d 217, 222 (3d Cir. 2014) (citation omitted)). A municipality may also be liable where "the policymaker has failed to act affirmatively at all, though the need to take some action to control the agents of the government is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need." *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003).

Where the policy "concerns a failure to train or supervise municipal employees, liability under section 1983 requires a showing that the failure amounts to 'deliberate indifference' to the rights of persons with whom those employees will come into contact." *Carter v. City of Phila.*, 181 F.3d 339, 357 (3d Cir.1999) (quoting *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). Additionally, "the deficiency in training [must have] actually caused" the constitutional violation. *Canton*, 489 U.S. at 391. Deliberate indifference for a municipality ordinarily requires "[a] pattern of similar constitutional violations by untrained employees." *Connick v. Thompson*, 563 U.S. 51, 62 (2011). However, "in certain situations, the need for training can be said to be

'so obvious,' that failure to do so could properly be characterized as 'deliberate indifference' to constitutional rights even without a pattern of constitutional violations." *Thomas*, 749 F.3d at 223 (citing *Canton*, 489 U.S. at 390 n.10).

Plaintiff's allegations that Defendant Ocean County enacted deficient policies are the same as those against Defendant Mueller. (*See* Compl. ¶ 27.) Defendants do not provide any arguments specific to Defendant Ocean County, but generally assert that Plaintiff has not identified the specific policies he seeks to challenge and has failed to identify a pattern of violations. (Mot. at 9; Reply at 7.) As noted above, because the Court does not know the specific policies (or lack of policies) at issue, the Court cannot determine at this stage that Defendant Ocean County is entitled to judgment as a matter of law. Additionally, while a pattern of violations is often required to succeed on a municipal liability claim, in some cases a single incident may be sufficient, *see Thomas*, 749 F.3d at 223, and therefore the Court will not grant summary judgment due to Plaintiff's reliance on a single incident in support of his claims. Accordingly, summary judgment is denied as to the *Monell* claims against Defendant Ocean County.

Plaintiff also asserts that Defendants were deliberately indifferent by failing to adequately train corrections officers in (i) "properly monitoring, deterring, controlling and responding to inmate movements, disorders, altercations and violence" and (ii) "the proper response to threats of violence." (Compl. ¶ 27(b), (d).) Similar to Plaintiff's claims regarding deficient policies, Plaintiff's failure-to-train claims require further factual development, both to pinpoint the deficiencies in the training programs and to either identify a pattern of similar violations committed by untrained employees or show that the risk of constitutional violations was obvious. Information on such training programs is likely in the hands of Defendants, and therefore

discovery is required for Plaintiff to develop a factual record. For these reasons, summary judgment is denied as to the failure-to-train claims against Defendant Ocean County.

        3.        State Law Claims

Defendants contend that they have immunity from the state law claims at issue pursuant to the New Jersey Tort Claims Act ("NJTCA"), N.J. Stat. Ann. § 59:1-1 *et seq*. (Mot. at 21–25.) Specifically, the NJTCA provides that "[n]either a public entity nor a public employee is liable for . . . any injury caused by . . . a prisoner to any other prisoner." N.J. Stat. Ann. § 59:5-2. Plaintiff concedes that Defendants are immune from the state law claims set forth in the Complaint. (Opp'n at 17.) Accordingly, summary judgment is granted as to the claims for negligence, gross negligence, negligent hiring, training, and supervision, violations of the New Jersey Civil Rights Act, and intentional infliction of emotional distress.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion for Summary Judgment (ECF No. 5) is granted in part and denied in part. An appropriate Order will follow.


Date: <u>April 15, 2019</u>                                             <u>*/s/ Anne E. Thompson*</u>
                                                                                               ANNE E. THOMPSON, U.S.D.J.